**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**MEDFORD DIVISION**

UNITED STATES OF AMERICA, Civ. No. 1:24-cv-00348-AA

Plaintiff, **OPINION & ORDER**

v.

2019 CHEVY SILVERADO 3500 LTZ, Pickup, VIN 1GC4KXCY5KF121614, Its tools and Appurtenances; $16,951.00 U.S. CURRENCY, *in rem*,

Defendants.

---

AIKEN, District Judge:

Before the Court is Claimant Carolos Martin's Motion to Set Aside the civil forfeiture of his ATV Properties. ECF No. 20. For the following reasons, Claimant's Motion, ECF No. 20, is GRANTED.

## BACKGROUND

The facts of the case are well known to the parties and the Court.

On September 22, 2022, a Chevy Silverado truck and $16,951, were seized "from [Claimant's possession]" by Oregon State Police Officers and U.S. Customs and Border Protection ("CBP") during Claimant's arrest and the execution of a search warrant at Claimant's residence. Cl. Mot. ¶¶ 2–7. Two ATVs and an ATV Trailer ("ATV Properties") were also seized "from [Claimant's] possession" and are the subject of this Motion. *Id.*

On September 22, 2022, at the time of the arrest and property seizure, Claimant signed a Notice of Abandonment and Assent to Forfeiture ("Notice of Abandonment") as to the ATV Properties. *Id.* ¶¶ 4–7; Government Resp. at 1–2; Ex. 1, (Notice of Abandonment), ECF No. 23 at 9. Claimant alleges that he did not voluntarily give up his interest in the ATV Properties and that he was misled into signing the Notice of Abandonment. Cl. Mot. ¶¶ 3–6; Martin Decl. ¶¶ 3, 4, ECF No. 21. He alleges that when he realized what had happened, he immediately "clearly and unequivocally informed law enforcement personnel that he was revoking his signature on the Notice of Abandonment and wanted to contest all contemplated forfeitures." *Id.* Claimant alleges that officers recorded the transaction. Cl. Mot. ¶ 12; DeWeese Decl. ¶ 5, Ex. D, (Sep. 5, 2023, Berger email to AUSA de Villiers), ("Mr. Martin claims his conversation with the trooper regarding the signing of that form was recorded. . . . Kindly provide me with whatever recorded conversations police agencies have that is relevant to the seizure of the purportedly 'abandoned' property."), ECF No. 22 at 12–13.

On March 17, 2023, the Government initiated civil forfeiture proceedings by sending Claimant a notice as to the Chevy Silverado and the $16,951, but not the ATV Properties. DeWeese Decl., Ex. B, (April 14, 2023, Berger letter), ECF No. 22 at 9.

On April 17, 2023, Claimant filed with CBP, a completed Civil Asset Forfeiture Reform Act ("CAFRA") Seized Asset Claim and Election of Proceeding form ("CAFRA Claim Form") to state his interest in the seized property and to refer the matter for

civil court action. Cl. Mot. ¶ 8; Government Resp. at 2; Ex. 2, (CAFRA Claim Form), ECF No. 23 at 10–13. Claimant filed the Claim Form with two attachments. The first attachment stated:

> Part I
> I claim an interest in the following property:
> U.S. currency
> 2019 Chevy Silverado – VIN – 1GC4KXCY5KF121614 – OR License plate – CB10761
>
> Part II
> My interest in the seized property is I am the sole owner

First attachment, CAFRA Claim Form, ECF No. 23 at 13.

The second attachment, a letter from Claimant's attorney, Mr. Berger, dated April 14, 2023, stated:

> I represent the Claimant (Carlos Martin) in the above referenced case. Enclosed please find executed CAFRA Forms; both the Election of Proceedings form and the Seized Asset Claim form, the latter with an addendum regarding Parts I and II.
>
> Two other vehicles, a trailer, and a cell phone (iPhone) are also listed on [the Department of Homeland Security Custody Receipt for Seized Property and Evidence]. *All of these other items also belong to claimant* and as they are not included in your Notice of March 17, 2023, we write to *demand that they either be returned to claimant*, or that you provide us with an explanation of why you will not return them.

Second attachment, CAFRA Claim Form, ECF No. 23 at 10 (emphasis added).

On April 20, 2023, the Government sent Mr. Berger a letter acknowledging receipt of Claimant's CAFRA Claim Form. Cl. Mot. ¶ 9; DeWeese Decl. ¶ 3, Ex. A, (April 20, 2023, CBP Letter), ECF No. 22 at 6. In relevant part, that letter stated:

> Regarding the additional vehicles and trailer *claimed*, on September 22, 2022, you executed a Notice of Abandonment and Assent to Forfeiture of Prohibited or Seized Merchandise abandoning all claims to the said

> property and waived any further rights or proceedings relative to these articles.

*Id.* (emphasis added).

On or around September 3, 2024, the state criminal charges against Claimant were dismissed. Cl. Mot. ¶ 23.

On September 20, 2024, the Government dismissed its Complaint in the civil judicial forfeiture action against the Chevy Silverado and $16,951 and agreed to return those properties to Claimant. ECF No. 12.

On or around March 1, 2025, Claimant "learned that the [ATV Properties] had been listed for sale in an online [government] auction[.]" Cl. Mot. ¶ 36.

On March 6, 2025, self-represented Claimant filed a temporary restraining order ("TRO") in this case—a civil judicial forfeiture action against the Chevy Silverado and $16,951—to stop the sale of the ATV Properties and for return of the ATV Properties. ECF No. 13.

On March 10, 2025, Judge Mosman held a hearing on the TRO. At the hearing, the Government explained that the "appropriate vehicle" to contest the forfeiture of the ATV Properties was not a TRO but a motion to set aside the forfeiture. Transcript at 9:17–22, ECF No. 36. Accordingly, Judge Mosman granted Claimant leave to file a motion to set aside the forfeiture. ECF No. 18. Claimant filed this motion. ECF No. 20.

## LEGAL STANDARD

Under the Civil Forfeiture Statute, 18 U.S.C. § 983(e), "[a] motion filed under this subsection shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5). The statute provides:

> **(1)** Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if
>
> **(A)** the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> **(B)** the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1).

## DISCUSSION

Claimant seeks to set aside the forfeiture of the ATV Properties. Claimant contends that "CBP had actual notice that [he] claimed an interest in the [ATV Properties] and failed to provide him with any notice of the administrative forfeiture." Cl. Mot. at 2. The Government contends that (1) Claimant "was not entitled to written notice of his interest in the [ATV Properties]" because he "affirmatively abandoned the property[,]" Government Resp. at 4; and (2) Claimant "failed to clarify that his requests for return of the Subject Property should be treated as a claim for judicial forfeiture[,]" *id.* at 6.

I. *First Prong*

Under the first prong to set aside a forfeiture, a claimant must show that "the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice." 18 U.S.C. § 983(e)(1)(A). Here, the parties do not dispute that the Government failed to provide a forfeiture notice as to the ATV Properties. The Parties also do not dispute that the Government knew or reasonably should have known of Claimant's interest in the ATV Properties.

On April 17, 2023, Claimant filed a timely CAFRA Claim Form with two attachments. The first attachment stated Claimant's interest in the Chevy Silverado and the $16,951. The second attachment was a letter from Claimant's attorney, Mr. Berger, that stated: "[t]wo other vehicles [and] a trailer . . . belong to claimant. . . . [W]e demand that they . . . be returned[.]" Second attachment, CAFRA Claim Form. Even if the Government had not known before receiving the CAFRA Claim Form that Claimant had an interest in the ATV Properties, the Government knew after receiving the Claim Form that Claimant had an interest in those properties. In its April 20, 2023, letter to Claimant's attorney acknowledging receipt of the CAFRA Claim Form, the agency also acknowledged Claimant's interest in the ATV Properties. *See* DeWeese Decl., Ex. A, (April 20, 2023, CBP Letter) ("Regarding the additional vehicles and trailer *claimed* . . .") (emphasis added).

Under 18 U.S.C. § 983,

> [i]f the identity or interest of a party is not determined until after the seizure or turnover but is determined before a declaration of forfeiture is entered, notice shall be sent to such interested party not later than 60 days after the determination by the Government of the identity of the party or the party's interest.

18 U.S.C. § 983(a)(1)(A)(v).

Here, the Government learned from the executed CAFRA Claim Form, if not before, that Claimant had an interest in the ATV Properties and the Government still failed to provide notice of forfeiture as to the ATV Properties.

The Government contends that "[a] moving party who has affirmatively abandoned the property at issue no longer has an interest in the property that would trigger the notice requirements of § 983(a)(1)(A)." Government Mot. at 4 (citing *Eleidy v. United States*, No. 5:22-CT-3365-BO, 2023 WL 8284369, at *3 (E.D.N.C. Nov. 30, 2023)). Claimant disputes that he abandoned the ATV Properties, Martin Decl. ¶¶ 2–4, and has repeatedly sought disclosure of the law enforcement recording he alleges was made during that transaction.[1] *See, e.g.*, DeWeese Decl., Ex. B, (Sep.

[1] Claimant alleges that, at the time of arrest and search warrant execution, "CBP personnel told [him] that law enforcement would not seek forfeiture of [his] truck," the Chevy Silverado, if he signed the Notice of Abandonment as to the ATV Properties. Cl. Mot. ¶¶ 4, 5. Claimant alleges that "minutes after [he] signed the Notice of Abandonment, law enforcement personnel reneged on their promise not to seek forfeiture of the 2019 Chevy, and Oregon State Trooper . . . Neuenschwander ordered the seizure of both the [ATV Properties] and the 2019 Chevy." *Id.* ¶ 6; Martin Decl. ¶¶ 3–4, ECF No. 21. Claimant alleges that "[i]n response, [he] clearly and unequivocally informed law enforcement personnel that he was revoking his signature on the Notice of Abandonment and wanted to contest all contemplated forfeitures." *Id.*; Martin Decl. ¶¶ 3–4.

5, 2023, Berger email to AUSA de Villiers) (seeking recording), ECF No. 22 at 12–13; *id.*, Ex. E, (Dec. 18, 2023, Berger-AUSA email exchange) (seeking recording), ECF No. 22 at 14–23; *id.*, Ex. G, (Sep. 20, 2024, AUSA email to Berger) (how to obtain recording), ECF No. 22 at 28; *id.*, Ex. H, (Oct 2, 2024, Berger-AUSA email exchange) (seeking recording), ECF No. 22 at 29–31; *id.*, Ex. I, (Dec. 4, 2024, Berger email) (seeking recording), ECF No. 22 at 32–37.

In the case cited by the Government, *Eleidy v. United States*, No. 5:22-CT-3365-BO, 2023 WL 8284369, at *1 (E.D.N.C. Nov. 30, 2023), a claimant sought to set aside the administrative forfeiture of certain property that was seized during his arrest and execution of a search warrant. Like this case, the *Eleidy* claimant had signed a Notice of Abandonment during the execution of the search warrant, but later alleged that he had been coerced into signing the document. *Id.* at *3. However, unlike this case, the claimant also later entered into a plea agreement "to forfeit and otherwise waive any ownership right in all items seized during the investigation of the acts alleged in the Indictment." *Id.* (internal citation and quotation marks omitted). The Court concluded that because the claimant had signed the plea agreement and waived his property interest, he was not entitled to notice of forfeiture because "written notice is only required to be sent to 'each party who appears to have an interest in the seized article.'" *Id.* (quoting 19 U.S.C. § 1607). *Eleidy* differs from this case on a key point—the claimant waived his property interest. Here, Claimant signed no plea agreement or any other document to later waive his interest in the properties that were the subject of the Notice of Abandonment. The Government

provides no support for the assertion that it is relieved of its constitutional and statutory duty to provide forfeiture notice where a Notice of Abandonment exists and where a claimant has stated his interest in the property and has not waived it.

Whether Claimant abandoned the ATV Properties will determine whether the properties are subject to forfeiture. And, under 18 U.S.C. § 983, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture[.]" 18 U.S.C. § 983(c)(1). Abandonment of a possessory interest in property is a "question of intent" that must be considered in the totality of circumstances. *United States v. Baker*, 58 F.4th 1109, 1118 (9th Cir. 2023). To determine whether an individual has abandoned their property, courts consider "whether an individual, by their words, actions, or other objective circumstances," voluntarily relinquished the property interest. *Id.* However, the Court need not resolve the abandonment question to determine whether Claimant satisfies the criteria to set the forfeiture of the ATV Properties aside.[2]

The Government also contends that it has no duty to provide notice of forfeiture to Claimant because he was present when the property was seized and thus had "actual knowledge of the seizure[.]" Government Resp. at 5. The Government conflates notice of seizure with notice of forfeiture. There is a significant difference between the two.[3] At issue here is whether the Government had a duty to provide

---

[2] That question is also not yet properly before the Court because the operative complaint, ECF No. 1, seeks forfeiture of the Chevy Silverado and the $16,951, not the ATV Properties.

[3] *See, e.g.*, *United States v. Nasri*, ___ F. Supp. ___, No. 22-55685, 2026 WL 2591865, at *8, 29 (9th Cir. Sept. 2, 2026) (discussing the difference between seizing,

notice of forfeiture to Claimant. The Government provides no support for the contention that it is relieved of its constitutional and statutory duty to provide forfeiture notice to an individual who is present when his property is seized. Further, the Government did provide notice of forfeiture as to the Chevy Silverado and the $16,951—properties that were also seized in Claimant's presence.

In sum, Claimant has shown that the Government had actual notice of Claimant's interest in the ATV Properties and still failed to provide notice of forfeiture. Claimant thus satisfies the first criteria to set aside the forfeiture of the ATV Properties.

II. *Second Prong*

Under the second prong to set aside a forfeiture, a claimant must show that the claimant "did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. § 983(e)(1)(B).

Here, Claimant contends that he in fact "filed a 'claim' for purposes of Section 983(e)." Cl. Mot. at 13. Claimant maintains that Mr. Berger's letter, attached to the CAFRA Claim Form, constituted such claim. "Mr. Berger's assertion that the [ATV Properties] belong[] to [Claimant] and should be returned is well within the usual dictionary definition of 'claim.'" *Id.*

---

or exercising control over a property, and a judgment of forfeiture, which vests title to that property in the United States).

The Government maintains that Mr. Berger's letter, attached to the CAFRA Claim Form, did not constitute a claim because that communication did not provide "*prima facie* evidence of an interest in a seized vehicle" "supported by documentation" and was not made under oath or penalty of perjury. Government Resp. at 5.

A claim for seized property subject to a non-judicial civil forfeiture proceeding "must be in writing but *need not be made in any particular form*." 19 C.F.R. § 162.94 (emphasis added); 18 U.S.C. § 983(a)(2)(D). And it shall:

> (i) identify the specific property being claimed;
> (ii) state the claimant's interest in such property; and
> (iii) be made under oath, subject to penalty of perjury.

18 U.S.C. § 983(a)(2)(C).

The second attachment—Mr. Berger's letter—identified his representation, the property being claimed, and stated Claimant's interest in that property. The Government contends that Claimant's filing fell short for two reasons. First, Claimant failed to provide "*prima facie* evidence of an interest in the property being claimed," such as title or loan statement or other supporting documentation. Government Resp. at 5 (citing 18 U.S.C. § 983(a)(2)(C)). But nowhere does the statute require such documentation. Further, as to *prima facie* evidence, the Government knew or should have known that it had physically seized the ATV Properties during the execution of a search warrant at Claimant's residence. And the Government accepted Claimant's signature on the Notice of Abandonment as to the ATV Properties, a document that it possesses. Finally, Claimant did not supply supporting

documentation of his interest in the Chevy Silverado, yet the Government did not dispute the validity of Claimant's interest in that vehicle.

Second, the Government contends that Claimant's filing was deficient because it was not signed under oath and penalty of perjury. Government Resp. at 5–6. Neither of the two attachments were signed under oath and penalty of perjury. But the CAFRA Claim Form was. The Government does not dispute that Claimant signed and dated the Claim Form on the signature line under the statement: "I attest and declare *under penalty of perjury* that the information provided in support of my claim is true and correct to the best of my knowledge and belief." CAFRA Claim Form (emphasis on Form).

The question is whether Mr. Berger's letter, attached to the CAFRA Claim Form, is properly construed as part of the claim that was signed by Claimant under oath, subject to penalty of perjury. The Court concludes that it is. First, the claim "need not be made in any particular form[,]" 18 U.S.C. § 983(a)(2)(D), and the Claim Form itself invites the filer to provide attachments. Second, Claimant filed both attachments together with the executed Claim Form. The first attachment, which lists the Chevy Silverado and the $16,951, also does not contain Claimant's signature. Third, Mr. Berger's letter is dated several days before Claimant filed the Claim Form, which indicates that Claimant and his attorney made a considered decision to include the letter as a part of the CAFRA filing. Fourth, because the Government had not provided a forfeiture notice as to the ATV Properties, stating an interest in those properties was not responsive to the Form and required a statement (and

explanation) via attachment. Fifth, the April 20, 2023, CPB Letter to Mr. Berger, which acknowledged the Government's receipt of Claimant's executed CAFRA Claim Form, shows that the Government understood the Claim Form to include a claim to the ATV Properties. *See* DeWeese Decl., Ex. A, (April 20, 2023, CBP Letter) ("Regarding the additional vehicles and trailer claimed . . .").

Finally, though CAFRA requires that a claim be verified to avoid the "substantial" danger of false claims, the lack of verification is not fatal to a claim. *United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1436 (9th Cir. 1985). Where, as here, "a claimant has made known to the court and the government his interest in the subject property . . . before the deadline set for the filing of a proper claim[,]" the Ninth Circuit has determined that "the policy interest underlying the requirement of a timely verified claim would not be injured by allowing the claimant to perfect his claim by subsequent verification." *Id.*

For these reasons, the Court concludes that the CAFRA Claim Form with two attachments is properly construed as a single document that states Claimant's interest in the Chevy Silverado, $16,951, and the ATV Properties, and was signed by Claimant under oath, subject to penalty of perjury. Claimant has shown that he timely filed a claim that stated his interest in the ATV Properties. Claimant thus satisfies the second criteria to set aside the forfeiture of the ATV Properties.

In sum, Claimant has satisfied both prongs required to set aside forfeiture of the ATV Properties. Under 18 U.S.C. § 983, where a motion to set aside a forfeiture is granted, it shall be granted "without prejudice to the right of the Government to

commence a subsequent forfeiture proceeding as to the interest of the moving party." 18 U.S.C. § 983(e)(2). Accordingly, the Government is granted leave to amend its Complaint should it seek to proceed.

## CONCLUSION

For the reasons explained above, Claimant's Motion to Set Aside the civil forfeiture of the ATV Properties, ECF No. 20, is GRANTED. The forfeiture as to the ATV Properties is set aside without prejudice. Should the Government seek to proceed against the ATV Properties, the Court grants the Government leave to amend its Complaint within 30 days of this Order.

It is so ORDERED and DATED this 20th day of October 2026.

/s/Ann Aiken
ANN AIKEN
United States District Judge